IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01751-BNB

ANTWAN C. MAYS,

    Applicant,

v.

TARVIS TRANI, Warden, L.C.F.,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 25 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant Antwan C. Mays is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Limon Correctional Facility in Limon, Colorado. Mr. Mays initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the execution of his prison sentence. On August 4, 2009, Magistrate Judge Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondent intends to raise either or both of those affirmative defenses in this action. On August 21, 2009, Respondent filed a Preliminary Response arguing that this action should be dismissed for failure to exhaust state remedies. On September 16, 2009, Mr. Mays filed a reply to the Preliminary Response.

On October 2, 2009, Magistrate Judge Boland ordered Respondent to file a supplement to the Preliminary Response that provides documentation to support

Respondent's argument that Mr. Mays has failed to exhaust state remedies. In particular, Magistrate Judge Boland noted that it was not clear whether a postconviction motion Mr. Mays filed in the trial court remains pending or whether the trial court entered an order denying that motion. On October 22, 2009, Respondent filed a Supplement to the Preliminary Response. On November 16, 2009, Mr. Mays filed Applicant's Supplemental Traverse in reply to the Supplement to the Preliminary Response.

The Court must construe the application and other papers filed by Mr. Mays liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state remedies.

Mr. Mays alleges that he was convicted in the El Paso County District Court in December 2007. More specifically, Mr. Mays pled guilty to one count of aggravated robbery, a class three felony offense, and he received a stipulated sentence of fifteen years in prison. According to Mr. Mays, his plea agreement included a provision that his offense would not be classified as a crime of violence. Also according to Mr. Mays, the fact that his offense would not be classified as a crime of violence means he should be eligible for parole under state law after serving only fifty percent of his sentence. In support of his assertion that his plea agreement included a provision that his offense would not be classified as a crime of violence, Mr. Mays points to a line in his

sentencing mittimus, a copy of which is attached to the application, that states the parties agree the offense is not a crime of violence.

Mr. Mays claims in this action that his constitutional rights under the Fourteenth Amendment have been violated because the DOC has determined he must serve seventy-five percent of his sentence before he is eligible for parole. **See** Colo. Rev. Stat. § 17-22.5-403(2.5)(a) (providing, inter alia, that persons convicted of a class three aggravated robbery offense committed on or after July 1, 2004, are eligible for parole after serving seventy-five percent of the sentence imposed). Mr. Mays alleges that the DOC rejected his administrative grievance challenging this determination. He further alleges that in January 2009 he challenged the DOC's determination in the sentencing court by filing a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure and that the trial court has refused to issue a written order on the Rule 35(c) motion. Finally, Mr. Mays alleges that he filed an original proceeding in the Colorado Supreme Court seeking relief and that the Colorado Supreme Court denied his Petition for Rule to Show Cause on June 10, 2009.

Mr. Mays must exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. **See Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). "The

exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Mays first argues that he has exhausted state remedies because the trial court has not entered a final, appealable order denying his Rule 35(c) motion and the absence of such an order prevents him from presenting his claims to the state appellate courts. Mr. Mays references a letter from his state public defender, copies of which are attached to the application and Applicant's Supplemental Traverse, in support of his argument that state remedies have been exhausted because no adequate state remedy exists. In that letter, counsel for Mr. Mays states that "Judge Lowery addressed your motion on Monday, March 30th." Counsel further states in the letter that Mr. Mays may re-file his motion and the judge will reconsider if Mr. Mays can demonstrate he is not eligible for parole prior to serving seventy-five percent of his sentence solely because of the crime for which he was convicted.

Assuming a postconviction Rule 35(c) motion in the trial court is the proper procedure for challenging the DOC's calculation of a parole eligibility date, an issue that is hinted at but not specifically addressed by the parties, the Court finds that Mr. Mays fails to satisfy his burden of demonstrating he has exhausted all available state remedies. **See id.** Respondent's Exhibit B to the Supplement to the Preliminary Response is the text of a minute order entered by the trial court on March 30, 2009, denying Mr. Mays' request for a sentence reduction and stating that the court would

4

consider further review if Mr. Mays could provide documentation of the administrative process with the DOC. This minute order is consistent with the letter from counsel for Mr. Mays that states his postconviction motion was addressed on March 30, 2009. Although Mr. Mays apparently disagrees that his January 2009 postconviction motion was denied on March 30, 2009, he specifically states in Applicant's Supplemental Traverse that the January 2009 postconviction motion was dismissed and is not currently pending.

Respondent's Exhibit C to the Supplement to the Preliminary Response is the text of another minute order entered by the trial court on October 5, 2009, asking the public defender to look into a motion filed by Mr. Mays to amend his sentence because he did not receive the benefit of his plea agreement. The copy of the state court docket sheet provided by Respondent as Exhibit A to the Supplement to the Preliminary Response indicates that Mr. Mays filed a renewed motion to amend his sentence on September 16, 2009. Although it is not clear if Mr. Mays is referring to the motion filed on September 16, 2009, he asserts in Applicant's Supplemental Traverse that counsel has filed a motion asking the trial court to reconsider its March 30, 2009, order, but that counsel's motion to reconsider does not seek the proper relief and is not relevant to whether he has exhausted state remedies or whether an adequate state remedy remains available.

The Court finds that the postconviction motion filed by Mr. Mays in January 2009 did not satisfy the exhaustion requirement because that motion was not fairly presented to the state's highest court. The Court also rejects Mr. Mays' argument that there is an absence of an available state remedy. Even assuming the trial court has not entered a

final, appealable order denying the January 2009 postconviction motion as Mr. Mays apparently contends, he fails to allege what efforts he has made to request that the trial court enter a final, appealable order. Furthermore, because the trial court stated it would consider further review of Mr. Mays' claim if he could provide documentation of the administrative process with the DOC, it appears that Mr. Mays still has a remedy available to him in the trial court. Mr. Mays also fails to allege what efforts he has made to provide the trial court with the appropriate documentation of the factual basis for his claim. Therefore, Mr. Mays fails to satisfy his burden of demonstrating he has exhausted all available state remedies or that no adequate state remedy is available.

Mr. Mays next argues that he exhausted state remedies because he presented his claim to the Colorado Supreme Court in an original proceeding that was denied on June 10, 2009. However, the Court agrees with Respondent that Mr. Mays' Petition for Rule to Show Cause does not satisfy the fair presentation requirement and does not demonstrate state remedies have been exhausted.

If a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See Rogers v. Best*, 171 P.2d

769, 770 (Colo. 1946); *see also* Colo App. R. 21. Furthermore, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument. **Bell v. Simpson**, 918 P.2d 1123, 1125 n.3 (Colo. 1996). Therefore, because Mr. Mays fails to demonstrate that the Colorado Supreme Court addressed the merits of the claims he raised in his Petition for Rule to Show Cause, the Court concludes that Mr. Mays' claim in this action was not presented fairly to the state appellate courts and is not exhausted. *See Allen v. Zavaras*, 568 F.3d 1197, 1202-03 (10th Cir. 2009) (finding that state habeas petition denied by Colorado Supreme Court on the same day it was filed in that court does not satisfy fair presentation requirement). Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state remedies.

DATED at Denver, Colorado, this 25 day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 096-cv-01751-BNB

Antwan C. Mays
Prisoner No. 85028
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

Christopher W. Alber
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/25/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk